UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 13-49-KKC

DAYMOND HELTON,
JOYLAND, LLC, and
GREGORY K. HELTON                                                                PLAINTIFFS,

V.                       **MEMORANDUM OPINION & ORDER**

AMERICAN HIGHWALL MINING, LLC.                                      DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

Before the court are three pleadings: the plaintiffs' motion to remand (R. 6), objections to removal (R. 8), and response to removal (R. 9), all three of which effectively oppose the defendant's removal of this case to federal court. The plaintiffs request remand to Whitley Circuit Court and stipulate that it will not demand, request, or accept a sum in excess of $74.999.000 from the defendant. Despite this stipulation, the defendant indicates that they have incurred expenses in excess of $620,000.00 and remand would be inappropriate. For the following reasons, the court agrees.

In September 2010, American Highwall entered into a lease with Plaintiffs Daymond Helton and Joyce Helton to mine coal from their property. Plaintiffs filed suit in Whitley Circuit Court seeking a declaratory judgment action that the lease be declared null and void and the plaintiffs be declared to receive a coal royalty on raw coal mined as opposed to washed coal. The defendant timely removed to federal court alleging complete diversity of citizenship and an amount in controversy greater than $75,000. In support of removal, the defendant attached an

1

affidavit from employee and managing member of American Highwall Mining, LLC, Paul Campbell. In that affidavit, Campbell states that American Highwall has incurred costs greater than $75,000 in obtaining permits, relocating and setting up equipment, wages in the amount of $521,941.61 to employees for work done on the site, $97,177.55 in diesel fuel at the site, and $900 a week on security for the site.

Where a case has been removed to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, the defendant must establish the existence of subject matter jurisdiction by proving by a preponderance of the evidence that there is complete diversity of citizenship and an amount in controversy greater than $75,000. *See Everett v. Verizon Wireless, Inc*., 460 F.3d 818, 829 (6th Cir. 2006)(quoting *Gafford v. Gen. Elec. Co*., 997 F.2d 150, 155 (6th Cir. 1993); *see also King v. Household Fin. Corp. II*, 593 F. Supp.2d 958, 959 (E.D. Ky. 2009). Normally, "the sum claimed by the plaintiff controls," but where the plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount in controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000. *Gafford*, 997 F.2d at 158. The burden is on the defendant to produce evidence of the amount in controversy.

In the case at hand, the defendant has established that the amount in controversy far exceeds the threshold monetary amount. For actions seeking a declaratory judgment, the amount in controversy is measured by "the value of the object of the litigation." *Northup Properties, Inc. v. Chesapeake Appalachia, LLC*., 567 F.3d 767, 770 (6th Cir. 2009)(citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In determining that measurement, the court may look to the underlying mineral interest. *Northup*, 567 F.3d at 770; *Petrey v. K. Petroleum, Inc.*, WL 2068597 at *3 (E.D. Ky. 2007). The court notes that there is circuit split

regarding whether the amount in controversy should be determined from examining the perspective of the plaintiff or defendant. *See Northup*, 567 F.3d at 770, FN1; *Petrey*, WL 2068597 at *6, FN1 (full discussion of circuit split). Without wading into that "jurisdictional morass," on the facts of this case, the court finds the defendant has offered competent evidence—through Campbell's affidavit—that the amount in controversy requirement is satisfied.

Moreover, the plaintiffs purported post-removal stipulation does not automatically warrant remand. *See Rogers v. Wal-mart Stores, Inc*., 230 F.3d 868, 872 (6th Cir. 2000)(holding that a "post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court."). However, Courts, relying on *Powerex Corp. v. Reliant Energy Servs., Inc*., 551 U.S. 224, 232 (2007), have since held that if the plaintiff stipulates that damages will not exceed $75,000 then remand may be warranted. *See Shearer v. Ohio Cas. Ins., Co*., WL 588149 *1 (E.D. Ky. 2013); *Stratton v. Konecranes, Inc.*, WL 2178544 *3 (E.D. Ky. 2010). As the defendant emphasizes, the complaint seeks to declare the entire lease agreement null and void and that they be paid royalty on raw ton of coal mined that demonstrates that the jurisdictional amount is more likely than not met. Thus, the plaintiffs' post-removal stipulation does not oust the court of jurisdiction in this instance. *See e.g., Labuy v. Peck*, 790 F. Supp. 2d 601, 603 (E.D.Ky. 2011); *Rhynard v. State Farm Ins.*, WL 1580260 (E.D. Mich. 2009).

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to remand (R. 6) is **DENIED**.

Dated this 29th day of May, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge